**SCHREIBER, Plaintiff-appellant, v. NATIONAL SMELTING COMPANY, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21844. Decided July 24, 1950.

Krueger, Gorman & Davis, Cleveland, for plaintiff-appellant.
Davis & Young, Cleveland, for defendant-appellee.

(HUNSICKER, PJ, DOYLE, J, of 9th District: FESS, J, of 6th District sitting by designation in 8th District.)

**OPINION**

By DOYLE, J:

Sophie Schreiber was injured in a collision between an automobile in which she was riding as a passenger, and a stationary motor truck which was either parked on the pub-

lic highway or parked in a driveway with a part of it extending into the highway. She thereupon instituted suit against The National Smelting Co., the owner and operator of the truck, in which she sought damages for personal injury claimed to have . proximately resulted from the negligent conduct of the defendant in its operation and parking of the vehicle.

The answer of the defendant "admits that at about the time mentioned an automobile in which the plaintiff was riding came in contact with an automobile truck owned by this defendant. Further answering, defendant denies each and every allegation in plaintiff's second amended petition contained not herein expressly admitted to be true. Wherefore, having fully answered defendant prays that it may go hence with its costs."

Judgment for the defendant was entered upon the verdict of a jury, and, following the overruling of a motion for a new trial, appeal was perfected by the injured lady to this court on questions of law.

Among the various assignments of error urged by the appellant, attention will be directed first to the claim of error in the court's instructions to the jury, and especially to that part of the charge which pertained to the question of "sole negligence of a third person—not a party in the litigation (the driver of the car in which the plaintiff was riding)."

The court in part instructed the jury as . follows:

"At the time of this collision, the ordinances of course, which I have read to you, were in full force and effect, and those which I indicated that you should consider. If the defendant, through its agent in charge of the truck, or its agents in charge of the truck * * * violated the terms of either one of those ordinances, that would be negligence. Likewise there was a law of the State of Ohio in force, commonly known as the assured clear distance. That is, one must so control, and operate his automobile that he may bring the automobile to a stop within the assured clear distance ahead; that is, any discernible object being in his path, he must so control and operate the automobile so that it can be brought to a stop within the assured clear distance. That law was in full force and effect, and I say to you that the driver of the car in which plaintiff was riding violated that law and was guilty of negligence. However, in the State of Ohio, we do not have the doctrine of imputed negligence. So that any negligence—the negligence upon the part of the driver of the car—in which she was riding would not be

imputed to her—and his negligence would not be imputed to her. She was riding as a passenger in the car. I said to you a moment ago that the driver of the car in which she was riding was guilty of negligence, and if you find by a preponderance of the evidence that that negligence was the sole cause of this collision, this plaintiff cannot recover in this action. If, however, on the other hand, she has proven defendant was guilty of negligence, and that the negligence upon the part of defendant either directly and proximately caused the collision, or directly and proximately contributed to cause the collision, then she is entitled to recover in this action. And those are the issues for you to determine, and those are the important issues."

As must be observed from reading the above charge, the trial court injected into the trial an improper issue. The negligence of the driver of the car in which the plaintiff was riding, or his driving of the car in such a manner so as to be unable to stop it within the assured clear distance ahead, in violation of a statute of this state, did not create an issue for the consideration of the jury. The sole issues in the case were whether the defendant was guilty of negligence in the handling of its truck at the time and place and, if so, whether such negligent conduct was a proximate cause of the plaintiff's injuries.

Under our jury system, the primary purpose of instructions is to inform the jury, as triers of the facts, which issues are to be decided to reach each possible verdict. Statements of abstract legal propositions do not make proper instructions. Each instruction to the jury authorizing the finding of a verdict for the plaintiff, or for the defendant on an affirmative defense, must require the finding of all essential fact issues necessary to establish the legal proposition upon which the right to it is based. Because the plaintiff has the burden of proof to establish every fact necessary to a verdict in his favor, defense instructions may be properly given which authorize a defendant's verdict upon a converse finding on any fact issues essential to a verdict for the plaintiff.

However, defense instructions are highly improper and usually prejudicial when they inject a "foreign issue" into the case, based upon the conduct of one not a party.

This question has been before the Court of Appeals of Lucas County on several occasions. In **Leopold v. Williams, 54 Oh Ap 540** it was held:

"7. An allegation that the plaintiff's injury and damage were caused 'solely' by his own negligence or that of a third person, raises an immaterial issue and should not be injected into the case, either by pleadings or charge of the court."

Similar statements appear in **Hatsio v. Red Cab Co., 77 Oh Ap 301; Schwab v. Keeler, 81 Oh Ap 291; and DeHart Admx. v. Ohio Fuel & Gas Co. 84 Oh Ap 62.**

It is our conclusion that the charge as given tended to confuse the questions properly in the case and was misleading to the jury; all to the prejudice of the appellant.

**2 O. Jur. (revised) Appellate Review, Sec. 762, p. 1450** and cases therein cited; **Pearlstein v. McGregor Home et al 79 Oh Ap 526; Nardi v. Reliable Trucking Co. 85 Oh Ap 122.**

Examination has been made of the other claimed errors and we find them not to be prejudicial in character.

Judgment reversed and cause remanded.

HUNSICKER, PJ, FESS, J, concur.